**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ISAAC THOMAS,
                    Appellant,

          v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBERS
DA-3330-15-0612-I-1
DA-1221-14-0413-W-1

DATE: September 27, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Isaac Thomas, Port Arthur, Texas, pro se.

John T. LeMaster, Esquire, Washington, D.C., for the agency.

George Cho, Esquire, Grand Prairie, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action both in connection with his individual right of action (IRA) appeal and the appeal he filed under the Veterans Employment Opportunities Act (VEOA).  Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant is a Maintenance Worker at a Federal correctional facility in Beaumont, Texas.  He is also a union representative.  In November 2012, in response to a posted vacancy announcement, the appellant applied for the position of Maintenance Mechanic Supervisor (General Foreman).  *Thomas v. Department of Justice*, MSPB Docket No. DA-1221-14-0413-W-1, Initial Appeal File (0413 IAF), Tab 4, Subtabs 4e, 4f.  On November 28, 2012, a fellow union representative filed a complaint with the Occupational Safety & Health Administration (OSHA) on behalf of the union, alleging various safety violations at the Beaumont facility, 0413 IAF, Tab 7 at 39, and, as a result, on December 4, 2012, an OSHA representative conducted an on-site visit, meeting first with union members, including the appellant, and later with management. On December 5, 2012, the appellant filed a complaint with the Office of Special Counsel (OSC) in which he alleged that, in retaliation for having reported safety violations to OSHA, the agency harassed him and others by telling managers to require the employees who attended the on-site visit to show that they were on

official time on that day, suggesting thereby that the agency was attempting to discourage the report of safety violations. *Id*. at 31.

¶3       On May 21, 2013, the selecting official chose another candidate, not the appellant (who, like the selectee, was identified as among the Best Qualified), to fill the vacancy. 0413 IAF, Tab 4, Subtab 4b. On March 12, 2014, OSC notified the appellant that it had closed its file and that he could appeal to the Board regarding his claim that the agency harassed him and failed to select him for the General Foreman position in retaliation for his whistleblowing.[2] 0413 IAF, Tab 7 at 52. The appellant filed an IRA appeal, 0413 IAF, Tab 1, and requested a hearing, *id*. at 2, which the administrative judge convened, 0413 IAF, Tab 29.

¶4       While the IRA appeal was pending, on March 9, 2015, the agency posted a vacancy announcement for two Human Resources Specialist positions to be filled at the GS-12/13 grade levels. *Thomas v. Department of Justice*, MSPB Docket No. DA-3330-15-0612-I-1 (0612 IAF), Tab 10 at 11. The appellant, who has a 30% compensable service-connected disability, submitted an application seeking to be considered at both grade levels. 0612 IAF, Tab 17 at 18. The agency notified him that he was among the "Best Qualified" and that his name had been forwarded to the selecting official for consideration at both grade levels, *id*. at 46, 56, but, on or about July 20, 2015, the appellant learned that he was not selected for either position, *id*. at 48, 58.

¶5       The appellant filed a complaint alleging that the nonselections constituted a violation of VEOA.[3] On September 11, 2015, the Department of Labor (DOL),

---

[2] It appears that the appellant amended his OSC complaint to include this nonselection. *Thomas v. Department of Justice*, MSPB Docket No. DA-3330-15-0612-I-1, Initial Appeal File (0612 IAF), Tab 1.

[3] The appellant filed an OSC complaint, claiming that these nonselections were also in retaliation for his whistleblowing. 0612 IAF, Tab 1. Presumably because of the VEOA issues, OSC provided the complaint to the Department of Labor for processing. However, during adjudication of the VEOA appeal before the Board, the appellant clarified that he was appealing the 2015 nonselections based on an alleged violation of his rights under VEOA, and not as an IRA appeal. 0612 IAF, Tab 14.

Veterans' Employment and Training Division, notified him that it had investigated his complaint, but that the evidence did not support his claim that the agency had violated his veterans' preference rights in the matter of these nonselections, and that he could file an appeal with the Board, which he did. 0612 IAF, Tab 1. He requested a hearing. *Id*. at 2. After providing the appellant with information on jurisdiction and proof requirements for a VEOA appeal, 0612 IAF, Tab 3, and after he responded, 0612 IAF, Tabs 8, 11, the administrative judge joined the IRA appeal and the VEOA appeal for adjudication, 0612 IAF, Tab 14.

¶6    In her initial decision, the administrative judge first addressed the appellant's IRA appeal. 0413 IAF, Tab 47, Initial Decision (ID). She found that he established the Board's jurisdiction over the appeal by nonfrivolously alleging that he made protected disclosures that were a contributing factor in his nonselection.[4] ID at 7-9. In addressing the appellant's proof of the matters he had nonfrivolously alleged, the administrative judge found that the appellant's fellow union representative filed complaints with OSHA detailing several major safety violations at the Beaumont facility and that, based on the appellant's technical expertise regarding the fire alarm system, he assisted his fellow union representative in filing an OSHA complaint regarding problems with that system. The administrative judge further found that the information the appellant disclosed to OSHA was such that a reasonable person in his position would believe evidenced a violation of law, rule, or regulation or a substantial and specific danger to public health and safety and that the appellant thereby proved by preponderant evidence that he made protected disclosures. ID at 9-12.

¶7    The administrative judge found that the appellant's nonselection was a covered personnel action, ID at 6, but that he did not prove by preponderant

---

[4] The administrative judge did not specifically find that the appellant exhausted proceedings before OSC, ID at 4-5, but it is clear that he did so, 0413 IAF, Tab 7 at 33, 52.

evidence that his disclosures were a contributing factor in his nonselection, ID at 12-14. In so finding, the administrative judge credited the selecting official's testimony that he made the selection on May 21, 2013, prior to May 31, 2013, when he learned of OSHA's findings of violations. ID at 13-14. Assuming arguendo that the appellant had demonstrated that his disclosures were a contributing factor in his nonselection, the administrative judge found that the agency showed by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing. ID at 14-15. Accordingly, the administrative judge denied the appellant's request for corrective action in connection with his IRA appeal. ID at 2, 21,

¶8 The administrative judge next addressed the appellant's VEOA appeal. In findings based on the written record, she found that he exhausted his remedy with DOL, ID at 16-17, that he nonfrivolously alleged that he is a preference eligible, that the 2015 nonselections took place after the October 30, 1998 enactment date of VEOA, that the agency violated his veterans' preference rights when he was not selected for the positions, and that he therefore established the Board's jurisdiction over his VEOA appeal, ID at 17-18. In addressing the appellant's proof of the matters he had nonfrivolously alleged, the administrative judge found that the agency properly placed the appellant's name on the certificate of eligibles forwarded to the selecting official for each vacancy, that the appellant was listed as a 10-point "CPS" veteran, i.e., having a service‑connected disability rating of 30% or more, but that, because all applicants on the certificates had veterans' preference, he did not establish that his nonselection violated any aspect of his veterans' preference rights. ID at 19-21. Accordingly, the administrative judge denied the appellant's request for corrective action in connection with his VEOA appeal. ID at 2, 21.

¶9 The appellant has filed a petition for review challenging the administrative judge's findings on both the IRA appeal and the VEOA appeal, Petition for

Review (PFR) File, Tab 1, the agency has responded to the petition, PFR File, Tab 3, and the appellant has filed a reply,[5] PFR File, Tab 4.

<u>The appellant has not shown that the administrative judge erred in denying corrective action in connection with his IRA appeal.</u>

¶10      On review, the appellant disputes the administrative judge's finding that he failed to establish that his protected disclosures were a contributing factor in his nonselection.[6]  Specifically, the appellant argues that the selecting official knew of the OSHA complaints "and the appellant's involvement therein" prior to the time he made the selection for the Maintenance Mechanic Supervisor (General Foreman) position.  PFR File, Tab 1 at 5-6.  The appellant alleges that several emails alerted the selecting official to the reported OSHA violations.  The appellant challenges the administrative judge's credibility findings regarding the selecting official's testimony that he was unaware of the complaints until after he made the selection because it is his practice, as Regional Director, to forward email messages that reference issues specific to one institution to managers at that institution.  *Id*. at 5.

¶11      It does appear that the appellant's fellow union official sent an email to a number of managers, including the selecting official on December 4, 2012, and it contained remarks by the appellant regarding the agency having taken issue with whether the employees who attended the OSHA meeting were on official time.

---

[5] The appellant argues on review that the agency's reply was not timely submitted and that, therefore, it should not be considered.  PFR File, Tab 4 at 4.  In acknowledging the appellant's petition for review, the Clerk of the Board stated that the agency could file a response on or before June 7, 2016.  PFR File, Tab 2.  The agency representative submitted a response electronically on June 10, 2016, offering his explanation for the untimely filing and "beg[ging] the party's forgiveness."  PFR File, Tab 3.  We have not considered the agency's response because it was not timely filed and does not comply with the Board's regulation for late filings in connection with petitions for review.  *See* 5 C.F.R. § 1201.114(g).

[6] The agency has not filed a petition for review challenging the administrative judge's finding that the appellant made protected disclosures, and we discern no basis to disturb that finding.

0413 IAF, Tab 7 at 24. Specifically, the appellant advised management that the "OSHA Act" protects employees who file safety complaints or otherwise exercise their rights, that he perceived the agency's inquiry as a form of retaliation, and that he had no other alternative but to report it to the proper authorities. *Id*. The email does not, however, demonstrate that the selecting official knew that the appellant was making, or had made, any protected disclosures.[7] Moreover, the administrative judge found the selecting official credible in his testimony that he was unaware of the OSHA complaints until after he made the selection. The administrative judge observed the demeanor of the witnesses who testified at the hearing, including the selecting official, and therefore her findings were explicitly or implicitly based on demeanor. *Haebe v. Department of Justice*, 288 F.2d 1288, 1301 (Fed. Cir. 2002). Beyond his being "disturb[ed]" by the administrative judge's finding, PFR File, Tab 1 at 6, the appellant has not provided a reason, nor do we perceive any, why we should not defer to the administrative judge's credibility findings. Under the circumstances, the appellant has not shown that the administrative judge erred in finding that, based on the selecting official's lack of knowledge, the appellant failed to prove that his protected disclosures were a contributing factor in his nonselection. *Rubendall v. Department of Health & Human Services*, 101 M.S.P.R. 599, ¶ 12 (2006).

¶12 However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard, and, if the Board determines that an appellant has failed to meet the knowledge/timing test, it shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the official who took the action, and whether the individual had a desire or motive to retaliate against the appellant. *Dorney v. Department of*

---

[7] The appellant argues that, at the time of the selections, the selecting official was in possession of several emails alerting him to the reported OSHA violations, PFR File, Tab 1 at 5, but the appellant has not submitted any of these other emails.

*the Army*, [117 M.S.P.R. 480](), ¶ 15 (2012). Because the administrative judge failed to consider this alternate way to establish the contributing factor standard, we do so now.

¶13     In terms of the agency's reasons for taking the personnel action, the selecting official explained that he reviewed wardens' recommendations and references of the appellant and the selectee before making his decision, and that he also reviewed the candidates' applications/résumés. 0413 IAF, Tab 4, Subtabs 4f, 4g. The selecting official further explained that, upon his review, he discerned that the candidate he ultimately selected had somewhat better recommendations than did the appellant and, unlike the appellant, had acted in the role of the advertised position. Hearing Compact Disc (testimony of selecting official). That testimony is borne out by the documentary evidence. 0413 IAF, Tabs 6-7, Tab 17. The appellant's disclosures involved the Beaumont facility, whereas the selecting official is the South Central Regional Director who oversees 19 such facilities. To the extent the appellant suggests that, by virtue of his position in management, the selecting official may have had a motive to retaliate against him, PFR File, Tab 4, we point out that the appellant was but one of a number of employees who were involved in the OSHA complaints. Based upon a weighing of the appropriate factors, we find that the appellant has not shown that his protected disclosures were a contributing factor in his nonselection and that he thereby has not established a prima facie case of retaliation for whistleblowing. Accordingly, his request for corrective action must be denied.

¶14     On review, the appellant challenges the administrative judge's alternative finding that, even if the appellant established that his protected disclosures were a contributing factor in his nonselection, the agency showed by clear and convincing evidence that it would have taken the same personnel action, even absent those disclosures. PFR File, Tab 4 at 7-9. In *Kahn v. Department of Justice*, [618 F.3d 1306](), 1316 (Fed. Cir. 2010), the U.S. Court of Appeals for the Federal Circuit declined the appellant's invitation to consider the agency's

affirmative defense because it disagreed with the Board that the appellant failed to establish a prima facie case, although the court stated in dicta that, in an IRA appeal, even when the Board finds a contested merits issue dispositive, it should nevertheless resolve the remaining issues to expedite resolution of the case on appeal. After *Kahn* was decided, however, Congress amended 5 U.S.C. § 1221(e)(2) to provide that corrective action cannot be ordered if, "*after* a finding that a protected disclosure was a contributing factor," the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure. Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-119, § 114(b), 126 Stat. 1465, 1472 (emphasis added). Thus, under this amendment, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case. *See* S. Rep. No. 112-743, at 24 (2012). Because we agree with the administrative judge that the appellant failed to establish his prima facie case, the administrative judge's alternative findings on clear and convincing evidence were extraneous, and we need not address on review the appellant's contentions regarding those findings.[8] *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

The appellant has not shown that the administrative judge erred in denying corrective action in connection with his VEOA appeal.

¶15    On review, the appellant states that the agency violated his veterans' preference rights when it initially found that he was not qualified for the GS‑12/13 Human Resources Specialist positions because he was deemed to lack

---

[8] With his petition for review, the appellant has submitted as new evidence a June 19, 2013 "Certification of Corrective Action Worksheet-Federal Agencies," concerning a particular OSHA violation found at the Beaumont facility. PFR File, Tab 1 at 11. However, that document already appears in the record below, 0413 IAF, Tab 24 at 82, and it is therefore not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

the 1 year of specialized experience required for the position at both grade levels. 0612 IAF, Tab 17 at 40, 50. The appellant acknowledges, however, that, after he was so notified, *id*. at 42, 52, he requested a review of his experience, after which the agency determined that he was, in fact, qualified for the positions, *id*. at 44, 54, and it referred his name to the selecting official for consideration as among the "Best Qualified" candidates. The appellant argues that, because he was ultimately not selected, the Board must consider the entire selection process because it was infected by the errors in the initial stage. PFR File, Tab 1 at 8, Tab 4 at 10.

¶16    Although the appellant urges that the outcome would have been different in the absence of the agency's initial errors, PFR File, Tab 1 at 8, he has not shown that the agency violated his rights under a statute or regulation related to veterans' preference. 5 U.S.C. § 3330a. As the administrative judge found, in the vacancy announcements for these positions, the agency used category rating under 5 U.S.C. § 3119 and 5 C.F.R. § 337.404(b). Based on his at least 30% service-connected disability rating, the appellant's name was placed in the highest quality category, the "Best Qualified" category, but, because all candidates in that category were also preference-eligible veterans, the agency's selection of other such candidates did not violate the appellant's veterans' preference rights. ID at 19-21. Beyond disagreeing with the outcome of the selection process and speculating as to its validity, the appellant has not shown error in the administrative judge's findings regarding the appellant's failure to be selected for these positions. *Launer v. Department of the Air Force*, 119 M.S.P.R. 252, ¶¶ 6-9 (2013). Under the circumstances of this case, the appellant's status as having at least a 30% compensable service-connected disability did not entitle him to be selected for either of the positions at issue, but only to compete for them, which he did. *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 10 (2002).

¶17    The appellant argues on review that, in connection with the selection process, he was denied an interview, whereas, he alleges, the selectees were

interviewed.  PFR File, Tab 4 at 10-11.  Because this is an argument raised for the first time on petition for review, we need not consider it.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶18      The appellant also argues that he was denied a hearing in connection with his VEOA appeal.  PFR File, Tab 4 at 11.  The Board's regulations allow for disposition of a VEOA appeal on the merits without a hearing.  5 C.F.R. § 1208.23(b).  The Board has held that it has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007).  Here, the administrative judge did not convene a hearing, having determined that there was no genuine dispute of a material fact.  ID at 15.  Based on our review, we agree with the administrative judge's determination and find, therefore, that she properly adjudicated this VEOA appeal on the written record.  *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008).

¶19      Finally, the appellant challenges the administrative judge's delay in the processing of the appeal from hearing to issuance of the initial decision.  PFR File, Tab 4 at 4.  It is clear, however, that the administrative judge at all times had access to the complete record, including the hearing compact disc.  We find, therefore, that the appellant has not shown that any delay constituted an adjudicatory error that prejudiced his substantive rights.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS IN**
**MSPB DOCKET NO. DA-3330-15-0612-I-1**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS IN**
**MSPB DOCKET NO. DA-1221-14-0413-W-1**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                       _____
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.